## TORRANCE *vs.* COOK *et al.*

Where three sureties get their principal, in failing circumstances, to furnish enough Confederate money to settle an execution for good money, and one of them borrows from the agent of the plaintiff in *fi. fa.* a part of the Confederate money, and the other two stand as his sureties therefor, and the money so borrowed is used for his, the borrower's, individual purposes, and he was to have the entire profits thereof, and nobody conceals from him any fact which he did not admit in his bill that he knew, and which the evidence shows that he did know, and where the borrower is forced to pay the note in good money, and sues his sureties for contribution:

*Held,* that he cannot recover on such facts admitted by himself, no matter what was ruled by the court.

Principal and surety. Equity. New Trial. Before Judge BUCHANAN. Campbell Superior Court. February Term, 1879.

Torrance filed his bill against Cook and Moore to compel them to contribute *as co-securities* to the payment of a debt which he alleged that he had paid for the principal. The jury found for the defendants. Complainant moved for a new trial on various grounds. It was refused and he excepted. For the other facts see the opinion.

L. R. RAY; L. S. ROAN, for plaintiff in error.

THOMAS. W. LATHAM, for defendants.

JACKSON, Justice.

This is a bill for contribution. Complainant and the two defendants were all sureties to Mrs. Camp for one Bartlett. Bartlett had some Confederate money in 1863, enough to pay off the execution which Mrs. Camp held, and Bartlett being in failing circumstances, the sureties were anxious to take up the execution and settle the debt. All hands met in Campbellton with the son and agent of Mrs. Camp for settlement. Some two hundred dollars of the money was

going to this son, and he readily took it, but said that his mother would not take Confederate money, but preferred a note bearing intesest, and that the sureties had better take it. After some conversation as to who should take it, the complainant took it to use in a tan-yard where he was tanning leather and making shoes for the Confederate army, and gave his note to young Camp, payable to Mrs. Camp, for $373.00, the balance of the money, and defendants, Cook and Moore, signed the note as securities. Subsequently Mrs. Camp sued.the note, recovered in good money, and complainant had it to pay, and wants the defendants to pay him back two-thirds of it.

The bill made the case that.this Confederate money was the money of all, and to be used for all the sureties; but the complainant himself swears that he was to use it for himself, and all the profits to be his.

The bill charges fraud on Cook and Moore in deceiving Torrance, the complainant, in that they concealed from him the fact that Mrs. Camp would not take Confederate money; but in another part of the same bill the admission is made that they all knew that she would not take it. There is no evidence at all that Moore knew anything except what Torrance knew, and the only evidence about Cook is that he saw Mrs. Camp and heard her say that she would not take Confederate money, and did not tell Torrance that he heard her say it. But Torrance states in the bill that he, as well as the others, knew it, and young Camp swears, as also did Moore and Cook, that it was said to all of them at the settlement. So that Cook could not have cheated Torrance by not telling him what he already knew.

Possibly but for the solemn admission in the bill that the complainant knew about Mrs. Camp's refusal to take the Confederate money, if the statements and charges therein made had been verified by the proof, equity might have relieved the complainant; but taking his own evidence alone, and letting him tell his own tale, he cannot recover. He borrowed the money to invest for himself alone;

he induced these defendants to go his security for it, he does not deny that, but says he might have done so, he made a venture which turned out unfortunately—if he was cheated he was cheated with his eyes wide open, and in fact, cheated himself, or rather, perhaps, the conduct of the Confederate soldiers in taking his leather cheated him, and Moore and Cook had nothing to do with it.

So that it matters not what evidence was rejected or what rulings the court made, the complainant has no equity according to his own sworn testimony, on which to base a recovery, and make men, who stood his security, for a venture all his own, when the venture turned out unlucky, help pay him out, while, if the venture had proved successful, and he had made money, he says himself that he would have pocketed it all. Cook and Moore ought to have a guardian if they made so one-sided a bargain. The verdict is right, irrespective of all rulings of the court, and the judgment overruling the motion for a new trial must be affirmed.

Judgment affirmed.